UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

QUINTIN J. BALLENTINE,

                Plaintiff,

-against-

STATE OF NEW YORK,

                Defendant.

24-CV-4615 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action under the Violent Crime Control and Law Enforcement Act of 1994 (VCCLEA), 34 U.S.C. § 12601 *et seq*., the Rehabilitation Act, 29 U.S.C. § 794, the Americans with Disabilities Act (ADA), 42 U.S.C. § 2000d, and a federal criminal statute.18 U.S.C. § 241. He alleges that he lived in supportive housing, operated by the nonprofit Post Graduate Center for Mental Health (PCMH), and that the State of New York violated its duty to protect his rights and investigate his complaints about PCMH. He brings this suit against the State of New York, seeking damages.

    By order dated September 7, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see* Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are drawn from the complaint. Plaintiff's claims arose between July 1, 2019, and June 12, 2024, at a supportive housing building on Marion Avenue in the Bronx, which is operated by PCMH. (ECF 1 ¶ III.) He alleges that PCMH is "licensed by the State of New York" and it "receives a variety of state, city and federal funding to operate its facility." (*Id.*) Since he entered the Marion Avenue housing in 2019, Plaintiff has suffered "repeated harassment," including having staff call emergency services with false or exaggerated

descriptions of incidents in which he was involved; these incidents generally were caused by staff berating and ridiculing Plaintiff. (*Id.*)

Several times, PCMH staff and officers from the New York Police Department's (NYPD) 52nd Precinct, none of which are named in this action, surrounded Plaintiff "in a threatening, intimidating, and harassing manner," and forcibly took him to the hospital. (*Id.* at 6.) At some point, PCMH staff "tried to prevent [Plaintiff] from advocating for the individuals living there who were subject to constant abuse, ridicule, mistreatment and discrimination" at the hands of PCMH staff and management. (*Id.*) Plaintiff asserts generally that, at the Marion Avenue housing, there has been "abuse, neglect, mistreatment, and abuse of the right to use emergency services" and that PCMH staff "are unprofessional, belligerent, confrontational, and . . . unqualified." (*Id.*) Plaintiff has two pending suits against PCMH: one in the Supreme Court, Bronx County, under Index No. 5457-2022, and one in Housing Court, Bronx County, Index No. 001852-24. (*Id.*)

In this action, Plaintiff sues the State of New York because "New York has a duty to protect the rights of individuals and provide a safe and emotionally supportive living environment . . . for these facilities." (*Id.*) Plaintiff's complaints to New York's Justice Center and the Office of Mental Health (OMH) of "abuse, mistreatment, and harassment" were "disregarded. (*Id.*) Plaintiff seeks money damages in excess of $3 million. (*Id.* ¶ IV.) [1]

---

[1] In addition to this complaint, Plaintiff has filed six other *pro se* complaints in 2024. *See Ballentine v. Bronx Care Medical Center*, ECF 1:24-CV-5480 (S.D.N.Y. July 17, 2024); Ballentine *v. Google LLC*, ECF 1:24-CV-4699 (S.D.N.Y. June 18, 2024) *Ballentine v. Credit One Bank N.A*., ECF 1:24-CV-4710 (S.D.N.Y. June 18, 2024); *Ballentine v. Verizon Comm'ns, Inc*., ECF 1:23-CV-4903 (S.D.N.Y. filed June 25, 2024); *Ballentine v. Yahoo, Inc*., ECF 1:24-CV-5253 (S.D.N.Y. July 7, 2024); *Ballentine v. NYCPD*, ECF 1:24-CV-6121 (S.D.N.Y. filed Aug. 6, 2024).

# DISCUSSION

A.  **Violent Crime and Law Enforcement Act**

Plaintiff invokes the Violent Crime Control and Law Enforcement Act of 1994 (VCCLEA), which originally appeared at 42 U.S.C. § 14141 and has been recodified as 34 U.S.C. § 12601 *et seq*. The VCCLEA prohibits government employees responsible "for the administration of juvenile justice or the incarceration of juveniles" from depriving persons of rights, privileges, or immunities secured or protected under the constitution. 34 U.S.C. § 12601. The United States Attorney General has the authority to bring a civil action for a violation of this statute. 34 U.S.C. § 12601(b)). Individuals cannot, however, sue for a violation of Section 12601. *See Peralta v. City of New York*, No. 23-CV-10785 (JMF), 2024 WL 1704774, at *7 (S.D.N.Y. Apr. 18, 2024) ("There is no private right of action under Section [12601]."); *Ming v. Brouillete*, No. 6:23-CV-0086, 2023 WL 5779558, at *4 (N.D.N.Y. Apr. 7, 2023) (Section 12601 "contains no private right of action"). Plaintiff's claim under Section 12601 must therefore be dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

B.  **Disability Discrimination**

Plaintiff invokes the Rehabilitation Act and the ADA for his claims against Defendant State of New York. The substantive standard for both statutes is similar. The Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity."

4

42 U.S.C. § 12132. To assert a claim under either of these statutes, a plaintiff must demonstrate that:

> (1) he is a qualified individual with a disability; (2) the defendant is subject to one of the Acts; and (3) he was denied the opportunity to participate in or benefit from the defendant's services, programs, or activities, or was otherwise discriminated against by the defendant because of his disability.

*McElwee v. Cty. of Orange*, 700 F.3d 635, 640 (2d Cir. 2012) (quoting *Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 85 (2d Cir. 2004)).

Plaintiff sues the State of New York, which generally enjoys Eleventh Amendment immunity from suit for damages in federal court. U.S. Const. amend. XI. Congress, however, included provisions abrogating the Eleventh Amendment immunity of the states in both the Rehabilitation Act and Title II of the ADA. *Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 111 (2d Cir. 2001) (citing 42 U.S.C. § 2000d-7 and 42 U.S.C. § 12202). The Rehabilitation Act was enacted pursuant to the Spending Clause of the Constitution, *id.* at 113, whereas Title II of the ADA was enacted pursuant to Congress's power under Section 5 of the Fourteenth Amendment. *Id.* at 108. As a result, the Rehabilitation Act abrogates Eleventh Amendment immunity for claims against the State of New York when the state has knowingly waived this right by accepting federal funds. *Id.* at 114. By contrast, to comport with Congress's Section 5 authority, a plaintiff seeking money damages from the state in federal court under the ADA must "establish that the Title II violation was motivated by discriminatory animus or ill will based on the plaintiff's disability," in order to validly abrogate Eleventh Amendment immunity. *Id.* at 112.

Here, although Plaintiff does not specifically allege that he has a disability, he can be understood as alleging that he qualified for supportive housing because of a "behavioral health

5

disorder" (ECF 1 at 5), and the Court therefore assumes for purposes of this order that he has a disability for purposes of the Rehabilitation Act and the ADA.

Plaintiff has not alleged, however, that Defendant State of New York denied him any services, programs, or activities that it offered, or that the State of New York discriminated against him by reason of his disability. Instead, Plaintiff alleges that the State of New York failed to adequately monitor the housing that PCMH provided (and received state funding to offer), and failed to investigate Plaintiff's complaints about PCMH staff and housing, which are also the subject of Plaintiff's separate suits against PCMH. There are no allegations that Defendant's alleged failures – to monitor PCMH or investigate Plaintiff's complaints – occurred because of reactions to his disability.[2] Plaintiff thus fails to state a claim on which relief can be granted under the Rehabilitation Act or the ADA.

Moreover, because Plaintiff does not allege that Defendant State of New York violated Title II of the ADA due to "discriminatory animus or ill will," there is no valid abrogation of Eleventh Amendment immunity for this ADA claim. The Court therefore dismisses Plaintiff's damages claims, brought under the Rehabilitation Act and the ADA, against the State of New York. 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

## C.  Federal Criminal Statutes

Plaintiff invokes a federal criminal statute, 18 U.S.C. § 241. A private citizen, however, cannot prosecute a criminal action in federal court. *See Leek v. Timmerman*, 454 U.S. 83, 86-87 (1981); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a

---

[2] The Court also notes that there is "no constitutional right to an investigation by government officials." *Bernstein v. New York*, 591 F. Supp. 2d 448, 460 (S.D.N.Y. 2008); *see also Burroughs v. Mitchell*, 325 F. Supp. 3d 249, 284 (N.D.N.Y. 2018) (dismissing "constitutional claim against defendants for failing to report [or] investigate his complaints").

judicially cognizable interest in the prosecution or nonprosecution of another."). Because federal prosecutors possess discretionary authority to bring criminal actions, they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, the Court dismisses Plaintiff's claim under 18 U.S.C. § 241 for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

D.     **State law Claims**

Plaintiff's complaint might be construed as asserting claims arising under state law. A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). In light of Plaintiff's *pro se* status,

7

and in an abundance of caution, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii), with 30 days' leave to replead. The Court declines to exercise its supplemental jurisdiction of any state law claims that Plaintiff may be asserting.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   November 21, 2024
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge